Donna JONES, Claimant/Appellant,

v.

The ST. LOUIS LEAD PREVENTION COALITION and Division of Employment Security, Respondents.

No. ED 88984.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 16, 2007.

646 ■

Donna Jones, St. Louis, pro se.

Cynthia Ann Quetsch, Jefferson City, MO, for respondent.

The St. Louis Lead Prevention Coalition, St. Louis, pro se.

BOOKER T. SHAW, Chief Judge.

Donna Jones (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing her application for review of the denial of unemployment benefits. The appeal is dismissed.

After a deputy of the Division of Employment Security (Division) concluded Claimant was disqualified from receiving unemployment benefits, she filed an appeal with the Appeals Tribunal of the Division. On July 28, 2006, the Appeals Tribunal affirmed the deputy's determination. Claimant then filed an application for review with the Commission, which dismissed the application as untimely. Claimant has now appealed to this Court. The Division has filed a motion to dismiss Claimant's appeal. The Division asserts that Claimant's application for review to the Commission was untimely and, as a result, the Commission and this Court are without jurisdiction to review his case. Claimant has not filed a response to the motion.

An aggrieved party in an unemployment matter has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. This statute sets forth no exceptions to the thirty-day requirement. As a result, any failure to file a timely application for review divests the Commission of jurisdiction and it can only dismiss the application for review. *Butler v. M.W.S. Enterprises, Inc.*, 199 S.W.3d 912, 913 (Mo.App. E.D. 2006).

Here, the Appeals Tribunal mailed its decision to Claimant on July 28, 2006. Under section 288.200.1, Claimant's application for review was due thirty days later, on August 28, 2006. Claimant's application for review to the Commission was filed on August 31, 2006, and it was untimely. Without a timely application for review, the Commission had no jurisdiction over Claimant's case. Furthermore, our jurisdiction is derived from that of the Commission, and if it does not have jurisdiction, then neither do we. *Id.* Our only recourse is to dismiss the appeal.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., concur.